IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERI L. ENGLE, individually, and on behalf of a Class of all others similarly situated; and BRIAN J. ENGLE, individually, and on behalf of a Class of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WINDGATE RANCH HOMEOWNERS ASSOCIATION, INC., a Nebraska nonprofit corporation; and VANDELAY INDUSTRIES, LLC, a Nebraska limited liability company, doing business as The HOA Company,<br><br>Defendants. | 8:25CV479<br><br>MEMORANDUM AND ORDER REGARDING PLAINTIFFS' COMBINED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO REMAND TO STATE COURT |

One plaintiff originally filed this putative class action on June 18, 2025, in the District Court for Douglas County, Nebraska. Filing 1 at 9–40. The plaintiff amended the Complaint on July 8, 2025, while still in state court *inter alia* to add another named plaintiff. Filing 1 at 60–107. Defendants subsequently removed this case to this Court. Filing 1. However, Plaintiffs have filed a Combined Motion for Leave to File Second Amended Complaint and to Remand to State Court (Combined Motion), which is now before the Court. Filing 13. Plaintiffs' proposed Second Amended Complaint drops the only federal claim, so Plaintiffs argue that if leave to amend is granted, this case must be remanded to state court. Filing 13. One Defendant disputes granting leave to amend, while both Defendants deny that remand is appropriate even if leave to amend is granted. Filing 14; Filing 16. For the reasons stated below, the Court denies the Motion for Leave to File Second Amended Complaint for failure to comply with applicable local rules and denies the Motion to Remand to State Court as moot. Although this Court denies leave to amend

1

for failure to follow local rules, the Court does so without prejudice to the Plaintiffs filing an additional Motion for Leave to Amend that follows all applicable rules.

## I. INTRODUCTION

For reasons explained below, the Court's analysis of Plaintiffs' Combined Motion focuses on procedural matters rather than the factual allegations in Plaintiffs' prior two pleadings and their proposed Second Amended Complaint. Thus, for factual context, it suffices to say that Plaintiffs challenge the creation of a homeowners association (HOA) and the collection of assessments on behalf of such a homeowners association. *See* Filing 1 at 1–9; Filing 1 at 60–107; Filing 13 at 4–34.

Teri Engle, as the sole individual plaintiff, filed this lawsuit as a putative class action on June 18, 2025, in the District Court for Douglas County, Nebraska, asserting fifteen causes of action, including one federal claim pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Filing 1 at 9–40. On July 8, 2025, Teri Engle filed a First Amended Complaint that among other things added Brian Engle as an additional plaintiff and asserted twenty causes of action, including one pursuant to the FDCPA. Filing 1 at 60–107. On July 29, 2025, defendant Wingate Ranch Homeowners Association, Inc., (Windgate) filed a Notice of Removal of this case to this federal court. Filing 1 at 1–8.

On August 28, 2025, before either Defendant had filed any response to the First Amended Complaint, Plaintiffs filed the Combined Motion for Leave to File Second Amended Complaint and to Remand to State Court that is now before the Court. Filing 13. Plaintiffs' Combined Motion states that it removes the FDCPA claim, expands one negligence claim into four claims, and reduces the number of state-law claims from nineteen to eleven. Plaintiffs attached to their Combined Motion their proposed Second Amended Complaint. Filing 13 at 4–34.

On September 11, 2025, Windgate filed a Resistance to Plaintiffs' Motion to Remand and a supporting Brief. Filing 14; Filing 15. Although Windgate requests that the Court deny Plaintiffs' Motion to Remand, Windgate does not seek denial of Plaintiffs' Motion to Amend. *See* Filing 14 *passim*; Filing 15 at 5. Also on September 11, 2025, Defendant Vandelay Industries, LLC, (Vandelay) filed a Resistance to Plaintiffs' Combined Motion for Leave to File Second Amended Complaint and to Remand to State Court and a supporting brief. Filing 16; Filing 17. Unlike Windgate, Vandelay expressly requests denial of Plaintiffs' Combined Motion in its entirety, or alternatively, denial the Motion to Remand. Filing 16 at 2. Plaintiffs filed a Reply Brief to Resistances of Both Defendants on September 18, 2025. Filing 18.

## II. LEGAL ANALYSIS

Plaintiffs' Combined Motion first requests a ruling on the Motion for Leave to Amend. Filing 13 at 1. "[T]hereafter," it requests a ruling on the Motion to Remand pursuant to the Class Action Fairness Act (CAFA). Filing 13 at 2. Plaintiffs' brief makes it even clearer that the Motion to Remand is dependent upon the Court granting the Motion for Leave to Amend by explaining that once the Court allows the Second Amended Complaint—which eliminates the only federal claim under the FDCPA—"this action will then meet all requirements for mandatory remand under CAFA, or, if not under CAFA's two Mandatory Exceptions." Filing 13-1 at 4. The Court begins its analysis with the Motion for Leave to Amend because the Court concludes that if it denies the Motion for Leave to Amend, then the Motion to Remand would be moot.

### A. The Motion for Leave to File Second Amended Complaint

The Court begins its analysis of Plaintiffs' Motion for Leave to Amend with a summary of the parties' arguments. Those arguments demonstrate completely different views on what should be determinative of the Motion.

3

*1. The Parties' Arguments*

Plaintiffs assert that pursuant to Federal Rule of Civil Procedure 15, leave to amend should be freely given when justice so requires. Filing 13-1 at 4. They reiterate the summary of the amendments in the proposed Second Amended Complaint set out in their Combined Motion, adding that the reduction in the number of state law claims was because they were "possibly redundant with other existing (or expanded negligence) state based claims." *Compare* Filing 13 at 1, *with* Filing 13-1 at 4–5. Plaintiffs argue that the Second Amended Complaint is not offered to cause undue delay or because of bad faith or dilatory motive. Filing 13-1 at 15. Plaintiffs contend further that the amendment is not barred by any repeated failure to cure deficiencies with prior amendments, futility of the proposed amendment, or prejudice to Defendants. Filing 13-1 at 5.

Windgate's Resistance mentions Plaintiffs' request for leave to amend only in passing. *See* Filing 14 *passim*. Windgate's Brief does little more than acknowledge Plaintiffs' assertion that elimination of Plaintiffs' only federal claim means that this Court loses jurisdiction, so that remand is appropriate. Filing 15 at 5. Windgate's response is that "despite Plaintiffs' elimination of federal question claims, Defendants [sic] contend that this Court continues to have jurisdiction over this case because federal diversity jurisdiction exists over Plaintiffs' claims pursuant to the Class Action Fairness Act (CAFA)." Filing 15 at 5. Thus, Windgate does not expressly or even impliedly resist Plaintiffs' request for leave to amend and instead argues that remand is inappropriate even if leave to amend is granted.

As mentioned above, unlike Windgate, Vandelay resists Plaintiffs' Combined Motion in its entirety. Filing 16 at 2. In its supporting brief, Vandelay expressly argues that "Plaintiffs should not be given leave to amend." Filing 17 at 2 (reduced from all leading capitals). Vandelay argues that a court does not abuse its discretion by denying a plaintiff's motion to amend based

4

on procedural error; rather, Vandelay asserts that failing to follow the requirements of local rules is an adequate ground to deny a motion to amend. Filing 17 at 2. Vandelay argues that Plaintiffs' Motion to Amend violates the requirement under NECivR 15.1 to identify "specifically" the proposed amendments, including failure to identify factual changes, changes to parties involved, changes to the amount in controversy, and failure to identify new or deleted causes of action. Filing 17 at 3. Vandelay argues further that Plaintiffs have failed to comply with certain technical requirements under the local rule, including submission of a signed copy of the proposed pleading when an unsigned copy is required, failure to state whether the motion is resisted, and improperly incorporating prior pleadings by reference. Filing 17 at 4. Vandelay concludes that if leave to amend is denied, then remand would be improper because federal question jurisdiction would still exist. Filing 17 at 5.

Plaintiffs' Reply addresses leave to amend in far greater detail than their opening brief did. Plaintiffs argue that Windgate at least tacitly consents to the proposed amendment. Filing 18 at 4. Plaintiffs then argue that Vandelay's objections to leave to amend are procedural, not substantive, so that those objections elevate form over substance. Filing 18 at 4. Plaintiffs assert—without citation of any authority—that "[t]he Eighth Circuit has long held that failures to comply with local rules **are not, by themselves**, a valid reason to deny a motion for leave to amend." Filing 18 at 4 (emphasis in the original). They contend that denial of leave to amend may be warranted only in circumstances involving undue delay, bad faith on the part of the movant, futility of the amendment, or unfair prejudice to the nonmovant. Filing 18 at 4. They then contend that none of those circumstances is present here. Filing 18 at 5. Plaintiffs argue that their Combined Motion and proposed Second Amended Complaint specifically identify "amendments" and that the local rule does not require specification of all "changes." Filing 18 at

5

[4](#)–5. They also contend that the Second Amended Complaint does not "incorporate" any prior pleading simply by mentioning a difference between the prior pleading and the proposed one. [Filing 18 at 6](#). Plaintiffs argue,

> [C]onsidering the Second Amended Complaint streamlines and narrows the First Amended Complaint, strict compliance with the local rule would have resulted in a Second Amended Complaint redline nightmare that, because of the required renumbering of existing causes of action, Defendants could have argued was not a "complete pleading."

[Filing 18 at 6](#). They then argue that if the Court does not grant leave to amend, the Court should order refiling in full compliance with the local rule rather than outright denial of leave to amend. [Filing 18 at 6](#).

As to certain of Vandelay's specific objections, Plaintiffs argue that the signature on the proposed Second Amended Complaint was a scrivener's error insufficient to warrant denial of the amendment. [Filing 18 at 7](#). They argue that Vandelay's assertion that Plaintiffs failed to indicate whether the motion to amend is contested is "contrary to reason" because it is "obviously contested." [Filing 18 at 7](#). They also argue that it is "disingenuous" to assert that all "changes" are not identified then to complain that the primary amendment—deletion of the FDCPA claim—is identified. [Filing 18 at 7](#). Plaintiffs argue that "non-injurious technicalities" should not bar amendment. [Filing 18 at 8](#). Plaintiffs dispute Vandelay's contention that adding Vandelay as a defendant on the slander-of-title-claim is "consequential." [Filing 18 at 8](#). Plaintiffs then assert that Vandelay fails to address highly consequential facts including that Vandelay offers no allegation, argument, or contention of undue prejudice. [Filing 18 at 8](#).

 2. *Applicable Standards for Leave to Amend*

[Federal Rule of Civil Procedure 15(a)(2)](#)—applicable in the circumstances presented here—provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." [Fed. R. Civ. P. 15(a)(2)](#). The rule also provides that "[t]he court

6


should freely give leave when justice so requires." *Id.* As the Eighth Circuit Court of Appeals has explained,

> "We review the denial of a motion for leave to amend for an abuse of discretion." *In re Target Corp. Secs. Litig.*, 955 F.3d 738, 744 (8th Cir. 2020) (citation omitted). "A court abuses its discretion when it denies a motion to amend [the pleadings] unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* at 744–45 (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).
>
> Generally, "[l]eave to amend [the pleadings] should be freely given to promote justice." *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036 (8th Cir. 2022) (citing Fed. R. Civ. R. 15(a)).

*Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 606–07 (8th Cir. 2024); *see also Clobes v. 3M Co.*, 106 F.4th 803, 809 (8th Cir. 2024) ("Ordinarily, the decision of whether to allow a plaintiff leave to amend a complaint is within the district court's discretion, however, when the court denies leave on the basis of futility, . . . appellate review of this legal conclusion is . . . de novo." (quoting *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008)).

Plaintiffs rely on similar statements of the standards for leave to amend as demonstrating that only undue delay, bad faith, repeated failure to cure deficiencies by prior amends, undue prejudice to the opposing party, or futility of the amendment will warrant denial of leave to amend. Filing 18 at 4 (citing *Roberson v. Hayti Police*, 241 F.3d 992, 995–96 (8th Cir. 2001)). Specifically, Plaintiffs reject Vandelay's contention that procedural failings—such as failure to comply with applicable local rules—can be a ground to deny leave to amend. Filing 18 at 4. Plaintiffs' position on what is sufficient to deny leave to amend fails to recognize controlling Eighth Circuit precedent.

In *Clobes v. 3M Co.*, 106 F.4th 803 (8th Cir. 2024), the Eighth Circuit concluded that "[t]he district court did not abuse its discretion in denying Clobes leave to amend on the basis

7

that he failed to comply with the District of Minnesota's Local Rule 15.1(b). . . ." 106 F.4th at 809. The Eighth Circuit continued,

> We have long recognized that "[a] district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules." *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009). Here, Clobes sought leave to amend his complaint without submitting a proposed amended complaint to the district court. "Because we agree with the district court on th[is] point[ ], we need not reach its alternate holding that" amendment of Clobes's complaint would be futile. *Olmsted Citizens for a Better Cmty. v. United States*, 793 F.2d 201, 203 n.2 (8th Cir. 1986).

*Clobes*, 106 F.4th at 809. Thus, the decision in *Clobes* makes clear that if the movant fails to comply with the requirements of a local rule, that is sufficient ground to deny leave to amend, and that the district court need not consider any other ground. *Id.*

The decision in *Clobes* is not an isolated ruling. *See Axline v. 3M Co.*, 8 F.4th 667, 676 (8th Cir. 2021) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules." (quoting *O'Neil*, 574 F.3d at 505)); *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 n.4 (8th Cir. 2021) ("The district court did not abuse its discretion in denying Appellants leave to amend. Appellants failed to submit a proposed amended pleading with their motion, as required by the local rules." (citing *O'Neil*, 574 F.3d at 505)); *In re Baycol Prods. Litig.*, 732 F.3d 869, 880 n.8 (8th Cir. 2013) ("We conclude the district court did not abuse its discretion in denying the request, because Simpson failed to provide the district court with a copy of her proposed third amended complaint, as required by Local Rule 15.1 of the District of Minnesota." (citing *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009)).

### 3. The Motion to Amend Does Not Satisfy Applicable Requirements

The Court concludes that Plaintiffs' Motion for Leave to Amend must be denied for failure to comply with the applicable local rule, NECivR 15.1(a). *See Clobes*, 106 F.4th at 809.

That local rule provides as follows:

**15.1 Motion to Amend Pleading.**

**(a) Form and Content.**

A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. Except as stated in these rules or court order, the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.

NECivR 15.1(a). The rule thus states requirements for both the motion for leave to amend and the proposed amended pleading, which must be attached to the motion. *Id.* Plaintiffs' Motion and proposed Second Amended Complaint attached to it fail these requirements.

First, the rule requires that the motion "must (1) specifically state the proposed amendments." *Id.* Plaintiffs' Combined Motion states the following in the part most pertinent to this ruling:

> Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs respectfully move this Court:
>
> (1) For an Order granting Plaintiffs leave to file their Second Amended Complaint, attached hereto, in full, as Exhibit A, which:
>
>     a) removes, with prejudice, the single federal claim asserted under the Fair Debt Collection Practices Act ("FDCPA"); and
>
>     b) adds no parties, and,
>
>     c) expands one (1) broad negligence cause of action to four (4) narrower negligence causes of action, and
>
>     d) otherwise adds no new causes of action
>
>     e) reduces the number of state based causes of action from 19 to 11.

Filing 13 at 1. Neither the Combined Motion nor the proposed Second Amended Complaint provides any additional specification of the amendments in the Second Amended Complaint.

This statement of the proposed amendments may identify generally the ways in which the proposed Second Amended Complaint differs from the prior pleading; however, the Court cannot find that this statement "specifically" states the proposed amendments. NECivR 15.1(a). The reader has no indication of what the "four (4) narrower negligence causes of action" might be. For example, there is no identification of the claim number of the negligence cause of action omitted and the claim numbers of the negligence causes of action that replace it. Furthermore, there is no description of the new negligence causes of action and no indication of how the new negligence causes of action are "narrower" than the single negligence cause of action in the prior pleading. *Id.* The same is true of the reduction of the number of state-based causes of action from 19 to 11. For example, there is no indication of what state-based causes of action have been omitted or retained or whether any of the 11 state-based causes of action are different from the state-based causes of action in the prior pleading.

The Combined Motion also makes no attempt at all to "state whether the motion is unopposed or opposed" nor does it indicate whether Plaintiffs made any attempt to "confer[ ] with opposing parties" before filing for leave to amend. NECivR 15.1(a). Plaintiffs' contention that "[o]bviously" the motion is contested, Filing 18 at 17, misses the point of the requirement. Conferring with the opposing parties may eliminate the expense and potential delay of proceedings arising from a contested motion for leave to amend or at least narrow the disputed issues to the benefit of the parties. The notice to the Court of "whether the motion is unopposed or opposed" would inform the Court whether it can rule on the motion immediately as unopposed or must instead wait for a response and allocate the resources to address a contested

motion. These requirements are not simply whims of the Court but are to help fulfill the goal of "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The proposed Second Amended Complaint attached to Plaintiff's Motion is also deficient. NECivR 15.1(a) (setting out requirements for the proposed amendment as well as requirements for the motion). The deficiencies in the proposed Second Amended Complaint attached to Plaintiffs' Combined Motion are procedural, but at least one of them is consequential. The local rule requires "an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). The Court accepts for the sake of argument Plaintiffs' contention that the submission of a signed copy of the proposed amendment was a "scrivener's error" that is too trivial to warrant denial of leave to amend, if it were the only deficiency. Filing 18 at 7. The Court also accepts for the sake of argument Plaintiffs' argument that the proposed amendment does not improperly "incorporate[ ] . . . by reference" the prior pleading simply by referring to the FDCPA claim in the prior pleading and its elimination in the proposed Second Amended Complaint. See NECivR 15.1(a); Filing 13 at 4–5 (¶¶ 2–3). Denial of leave to amend on the basis of each and every conceivable procedural deficiency under the local rule would indeed elevate form over substance in such a way as to be disproportionate and unjust. However, the proposed Second Amended Complaint fails to satisfy the most critical requirement set out in the local rule. That requirement is that the proposed amended pleading must "clearly identif[y] the proposed amendments." NECivR 15.1(a).

More specifically, Vandelay argues that the proposed Second Amended Complaint fails to identify factual changes, changes to parties involved, or changes to the amount in controversy. Filing 17 at 3. For example, Vandelay points out that it has been added as a defendant on the

slander-of-title claim, which previously was "Against Defendant HOA," but that proposed amendment is not "clearly identified" or even hinted at in Plaintiffs' Motion or proposed Second Amended Complaint. Filing 17 at 3–4. Vandelay is correct. *Compare* 1 at 91 (First Amended Complaint, Seventh Cause of Action "Against Defendant HOA"), *with* Filing 13 at 26 (proposed Second Amended Complaint, Count 8, "Against All Defendants"). Adding a defendant to a cause of action not previously brought against that defendant is by any reasonable assessment a consequential change.

The Court is unpersuaded by Plaintiffs' argument that the local rule requires only identification of "proposed amendments," not any and all "changes" in the proposed pleading. Filing 18 at 4–5. First, the plain language of the rule is that the movant must file "the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). This clear identification requirement would certainly encompass the numerous amendments to factual allegations and the attempt to clarify the amount in controversy. The Court has already explained why the list of proposed amendments in Plaintiffs' Motion does not satisfy NECivR 15.1(a)'s requirement that the Motion "specifically state the proposed amendments." Even had that list been incorporated into the proposed Second Amended Complaint, it would have fallen well short of NECivR 15.1(a)'s requirement that the proposed pleading "clearly identif[y] the proposed amendments," where it fails to address amendments to the factual basis for the claims and the parties against whom the claims are asserted. Contrary to Plaintiff's contention, "strict compliance" with the local rule would not have resulted in "a Second Amended Complaint redline nightmare" that Defendants could have argued was not a "complete pleading." Filing 18 at 6. Instead, a redline version would have explicitly indicated all changes in the proposed Second Amended Complaint in full compliance with NECivR 15.1(a). *Cf. Axline*, 8 F.4th at 672

(noting that the Minnesota District Court's local rule requires "a copy of the proposed amended pleading as well as a redlined version of it showing how it differs from the operative pleading"). Nothing in NECivR 15.1(a) prevents a movant from also providing a "clean" version of the proposed amended pleading. *See also* NECivR 15.1(c) (explaining that "[t]he granting of the motion for leave to amend does not constitute filing the amended pleading," and that "[i]f granted leave to amend, the party must then file the amended pleading").

Plaintiffs attempt to avoid denial of their Motion for Leave to Amend on these procedural grounds in two further ways. First, Plaintiffs attempt to distinguish *Axline* on which Vandelay relied as stating a rule that failure to comply with local rules is sufficient reason to deny leave to amend. Second, they assert that denying leave to amend on the basis of technical failings in this case would elevate form over substance. Neither argument is persuasive.

Plaintiffs assert that denial of leave to amend in *Axline* was because "Axline (1) TWICE failed to follow local rules, (2) unduly delayed the case, and (3) filed futile amendments." Filing 18 at 5 (emphasis in the original) (citing *Axline*, 8 F.4th at 676). Plaintiffs fail to acknowledge the next part of the Eighth Circuit's ruling in *Axline*:

> We find no abuse of discretion in this denial. "Although leave to amend shall be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *O'Neil*, 574 F.3d at 505. "A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules." *Id.* Axline twice failed to comply with Local Rule 15.1, including after the district court explicitly informed her of the local rule's requirements. Her failures in this regard provided sufficient grounds for the district court to deny her motion for leave to amend. *See id.*; *Nuevos Destinos*, 999 F.3d at 645 n.4; *In re Baycol Prods. Litig.*, 732 F.3d 869, 880 n.8 (8th Cir. 2013).
>
> Axline acknowledges that failure to comply with local rules "can be a basis to deny leave to amend," but she suggests that this is not a sufficient basis here because she lacked "notice and opportunity to comply." Not so. Setting aside the fact that it was her counsel's "responsibility to know the local rules" of the district court, *see Harris v. Steelweld Equip. Co.*, 869 F.2d 396, 400 (8th Cir. 1989), the district court explicitly informed her of what that rule required before

13

        she filed her formal motion. The district court was within its discretion to deny her motion for leave to amend when thereafter she still failed to follow the rule.

*Axline*, 8 F.4th at 676. Thus, while the plaintiff in *Axline* twice failed to follow local rules, the Eighth Circuit stated the rule to be that "[a] district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules." *Id.* (quoting *O'Neil*, 574 F.3d at 505).

      Furthermore, in *Axline* the Eighth Circuit pointed out the plaintiff's second failure to follow the local rule to counter the plaintiff's argument that she lacked notice of the rule. *Id.* The plaintiff had made a prior "informal request" to amend, which the district court denied for failure to comply with the local rule requiring "a copy of the proposed amended pleading as well as a redlined version of it showing how it differs from the operative pleading." *Id.* at 672. The Eighth Circuit pointed out that "it was her counsel's 'responsibility to know the local rules' of the district court" then stated that the district court had also explicitly informed her of the requirements before she filed her "formal motion." *Id.* at 676. The decision in *Axline* does not undermine the proposition that a district court can deny leave to amend for failure to comply with local rules, standing alone—not least because it is "counsel's 'responsibility to know the local rules.'" *Id.* (quoting *Harris*, 869 F.2d at 400).

      Plaintiffs also assert that denying leave to amend on the basis of technical failings in this case would elevate form over substance. Filing 18 at 4. This argument ignores the substantive and consequential effects of the failures to comply with NECivR 15.1(a)'s procedural requirements pointed out above. It also ignores controlling Eighth Circuit precedent recognizing that failure to comply with applicable local rules is sufficient standing alone to deny leave to amend. *See Clobes*, 106 F.4th at 809; *Axline*, 8 F.4th at 676; *Nuevos Destinos, LLC*, 999 F.3d at 646 n.4; *In re Baycol Prods. Litig.*, 732 F.3d at 880 n.8. As the Court pointed out above, denial

of leave to amend on the basis of each and every conceivable procedural deficiency under the local rule would indeed elevate form over substance in such a way as to be disproportionate and unjust. However, the Court is denying leave to amend here on the basis of the consequential procedural deficiencies, not on the basis of any one or more trivial deficiencies.

The part of Plaintiffs' Combined Motion seeking leave to amend is denied.

4. *The Denial of Plaintiffs' Motion for Leave to Amend Is Without Prejudice*

Although the Court has denied Plaintiffs' Motion for Leave to Amend for failure to comply with the requirements of NECivR 15.1(a), *see, e.g.*, *Clobes*, 106 F.4th at 809, the Court will exercise its discretion to make the denial expressly without prejudice to a further attempt to amend the Complaint in full compliance with applicable law and rules. Nothing in controlling precedent, the Federal Rules of Civil Procedure, or the local rules prevents a party from making a renewed motion to amend after a denial of a motion to amend under the present circumstances. Indeed, the well-settled rule that repeated failure to cure deficiencies by amendments previously allowed is a ground for denial of leave to amend, *see, e.g., Midwest Med. Sols., LLC*, 95 F.4th at 606–07, at least implicitly suggests that more attempts to amend can be made after a denial of leave to amend. The Court has not found a fatal flaw in this case, such as futility of any further amendment, that would warrant barring any further attempt to amend. *See id.* (explaining that futility is also a basis to deny leave to amend); *see also Abira Med. Lab'ys, LLC v. Mut. of Omaha Ins. Co.*, No. 8:24CV194, 2024 WL 4056573, at *5 (D. Neb. Sept. 5, 2024) (explaining that "if the Court finds that Abira's proposed Second Amended Complaint is futile, there will be no reason to permit further amendment to attempt to state claims upon which relief can be granted." (citing *Midwest Med. Sols., LLC*, 95 F.4th at 606)); *Norambuena v. W. Iowa Tech Cmty. Coll.*, No. C20-4054-LTS, 2022 WL 987946, at *26 (N.D. Iowa Mar. 31, 2022) ("I further find that permitting yet another amendment to bolster any defective claims would be futile. As

15

such, no further amendment will be permitted with regard to any claim that is dismissed as a result of this order."). Thus, in this case, the interests of justice favor denial of leave to amend without prejudice to refiling of a motion for leave to amend in full compliance with applicable rules. However, even though the denial of the present Motion for Leave to Amend is without prejudice, any subsequent motion to amend may still be subject to challenge and denial on both procedural grounds and on the merits.

### B. The Motion for Remand to State Court

The Court concluded at the outset of its legal analysis that if it denies the Motion for Leave to Amend, then the Motion to Remand would be moot. The Court reiterates that conclusion now after denying the Motion for Leave to Amend. However, the Court now adds that even if it had granted the Motion for Leave to Amend, the arguments and record so far submitted by the parties would not have allowed the Court to determine whether remand would be appropriate.

Windgate acknowledges that it has the burden as the removing party to establish that a factfinder might conclude that the damages sought are greater than the minimum amount in controversy. Filing 15 at 9. However, its argument that the amount in controversy might exceed the minimum required depends largely if not entirely on the continued assertion of the FDCPA claim that Plaintiffs seek to eliminate. Filing 15 at 9–11. Similarly, Vandelay asserts that CAFA jurisdiction exists based on Windgate's assertion "on information and belief" that Plaintiffs' class includes some members that are not citizens of Nebraska so that the minimal diversity requirement of CAFA is met. Filing 17 at 5. That argument is based on speculation and conclusory assertions, not any evidence that would satisfy a burden of proof. Vandelay stands on better ground when it argues that Plaintiffs have not met their burden to show that CAFA jurisdictional exceptions apply. Filing 17 at 17.

Plaintiffs also apparently belatedly recognizes the problems with meeting the burdens of proof to demonstrate that CAFA exceptions apply. They argue that if the Court grants leave to amend, and no federal question remains, Windgate as the removing party would bear the burden of establishing federal jurisdiction under CAFA. Filing 18 at 2. Even if Windgate met its initial burden, Plaintiffs not that the burden would then shift to them to seek remand under one of CAFA's exceptions to jurisdiction. Filing 18 at 1. Plaintiffs admit that they "have not undertaken the costly tasks required to establish that both of CAFA's mandatory jurisdictional exceptions apply." Filing 18 at 2; *but see* Filing 13-1 at 4 (Plaintiffs' argument that this action meets the requirements for remand under CAFA or if not that an exception to CAFA jurisdiction applies); Filing 13-1 at 5–18 (arguing the lack of CAFA jurisdiction or the applicability of CAFA jurisdictional exceptions). Plaintiffs argue in their Reply,

> If the Court grants leave to file the Second Amended Complaint, but finds Windgate has met its burden on both diversity and amount in controversy, Plaintiffs can proceed, after or during discovery, to show why both the mandatory home-state exception and the local controversy exception under 28 U.S.C. § 1332(d)(4) apply. Plaintiffs can then seek a remand Order under 28 U.S.C. § 1447(c): "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be dismissed.

Filing 18 at 3.

Under these circumstances, it appears to the Court that the parties would be better served by first resolving whether leave to amend should be granted to eliminate the only federal claim, the FDCPA claim. Once that issue is resolved, the issue of remand could be properly presented and argued on the basis of evidence obtained during discovery. The Court certainly will not resolve those questions that are controlling on whether or not this case should be remanded to state court on the basis of mere speculation and conclusory allegations.

Plaintiffs' Motion for Remand to State Court is denied as moot on the ground that the Court has denied the triggering Motion for Leave to Amend.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Plaintiffs' Combined Motion for Leave to File Second Amended Complaint and to Remand to State Court, Filing 13, is denied as follows:

1. The part of the Motion seeking leave to amend is denied for failure to comply with NECivR 15.1, but such denial is without prejudice to a renewed motion for leave to amend, which may be subject to challenge and denial on procedural grounds and on the merits; and

2. The part of the Motion seeking remand to state court is denied as moot.

Dated this 23rd day of October, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge