IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERI L. ENGLE, individually, and on behalf of a Class of all others similarly situated, and BRIAN J. ENGLE, individually, and on behalf of a Class of all others similarly situated, Plaintiffs,<br>v<br>WINDGATE RANCH HOMEOWNERS ASSOCIATION, INC., a Nebraska nonprofit corporation; and VANDELAY INDUSTRIES, LLC, a Nebraska limited liability company, doing business as The HOA Company, Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 8:25-cv-00479<br><br>CLASS ACTION<br><br>**SECOND AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Subject to Leave of this Court to do so, named Plaintiffs**,** Teri L. Engle and Brian J. Engle, on behalf of themselves and a class of all others similarly situated, file this Second Amended Complaint in Response to the Notice of Removal Defendant, Windgate Ranch Homeowners Association, Inc, filed on July 29, 2025 (Filing 1), and as allowed by this Court's Order of October 23, 2025. (Filing 21).

**JURISDICTION, VENUE, AND PARTIES**

**1.** This case was removed by Defendant, Windgate Ranch Homeowners Association, Inc., pursuant to 28 U.S.C. §§1331, 1332, 1441, 1446, and 1453. (Filing 1). If leave to file this Second Amended Complaint is granted, Plaintiffs respectfully state this Court will then lack subject matter jurisdiction in this action.

**2.** Plaintiff, Teri L. Engle, and Plaintiff, Brian J. Engle, are individuals and spouses to each other. For purposes of diversity jurisdiction, both are citizens of Nebraska. Both bring this action on behalf of themselves and a class of all others similarly situated.

**3.** The Class is defined as only Nebraska citizens who, on or after December 1, 2023, own or owned one or more of the originally platted 265 residential lots within Windgate Ranch Two, a subdivision in Douglas County, Nebraska.

**4.** Defendant, Windgate Ranch Homeowners Association, Inc. ("Defendant HOA") is a Nebraska nonprofit corporation. Its principal place of business is in Douglas County, Nebraska. Defendant HOA is a citizen of Nebraska for purposes of diversity jurisdiction.

**5.** Defendant, Vandelay Industries, LLC ("Defendant Vandelay") is a Nebraska limited liability company. Its sole member is a citizen of Nebraska. Defendant Vandelay is a citizen of Nebraska for purposes of diversity jurisdiction. Defendant Vandelay does business under the Nebraska registered tradename "The HOA Company" that Defendant Vandelay owns.

**6.** Plaintiffs expressly reserve the right to name as additional Defendants any individuals, officers, directors, members, managers, employees, agents, or entity who acted on behalf of, at the request of, or under the direction or control of, any presently named Defendant, or who directed, advised, or otherwise participated in the actions of any presently named Defendant, and/or who may be liable under any applicable statute, rule, case law, or cause of action, including, but not limited to:

**a)** With respect to individuals associated with either Defendant, the personal liability provisions of the Nebraska Consumer Protection Act, Neb. Rev. Stat. §59-1622;

**b)** Causes of action for participation in, and the facilitation of, the alleged wrongful acts wherein personal liability is allowed by law.

**7.** The individuals principally responsible for the acts and omissions alleged herein are separate from those who acted solely in a representative, clerical, or ministerial capacity, or who unknowingly followed the direction of such principal actors. Those principally acting individuals are not presently known to Plaintiffs with certainty. Information sufficient to identify them is exclusively within the possession and control of the two presently named Defendants. Plaintiffs therefore expressly reserve the right to move for leave to amend this Complaint to join such persons as additional party defendants once their identities have been definitively ascertained through Discovery.

**GENERAL ALLEGATIONS**

**8.** This Complaint is not about ultra vires acts of Defendant HOA within the context of Neb. Rev. Stat. §21-1930.

**9.** Rather, this Complaint arises from Defendant HOA wrongfully:

(a) creating and recording certain instruments and recording the same with the Douglas County Nebraska Register of Deeds, and

(b) assessing and collecting purported Windgate Ranch Two homeowner-association dues against the Class, including Plaintiffs,

It also arises from Defendant Vandelay acting with Defendant HOA in the forgoing acts and further acting in wrongfully attempting to collect, and collecting, such assessments and homeowner association dues.

**10.** Each of such acts (and omissions associated therewith) was undertaken by each respective Defendant without reasonable care and diligence and without lawful authority. Each such act lacked legal effect from its respective inception. Collectively and individually, such acts and omissions by Defendants directly and proximately caused damages to Plaintiffs.

**11.** "**Windgate Ranch Two**" is a platted subdivision in Douglas County, Nebraska. The original and official subdivision plat of Windgate Ranch Two (sic) was recorded on June 27, 2014, with the Douglas County Register of Deeds as Instrument No. 2014048814. Windgate Ranch Two (sic) consists of residential Lots 1 through 265, one lot for purposes of a Park, and Outlots A through W. It is bounded by 204th Street, 212th Street, Pacific Street and Marinda Street in Omaha, (formerly Elkhorn), Nebraska.

**12.** Named Plaintiffs jointly own a home in Windgate Ranch Two and have owned it and resided in it continuously from prior to December, 2023, to the present.

**13.** All Plaintiffs within the defined Class possess vested real-property interests in their homes in Windgate Ranch Two (sic) which have been adversely affected and damaged by Defendants' acts and omissions alleged herein.

**14.** On July 14, 2014, Pacific Windgate II, LLC, the developer of Windgate Ranch Two (sic) executed a document titled: DECLARATION OF COVENANTS, CONDITIONS AND EASEMENTS OF WINGATE RANCH II, A SUBDIVISION IN DOUGLAS COUNTY NEBRASKA" and recorded it on July 14, 2014 in the office of the Douglas County, Nebraska Register of Deeds as Document No. MISC 2014054807, (the "2014 Covenants").

**15.** Nine (9) years later, in or about October 2023, five (5) individuals who owned and resided in homes within Windgate Ranch Two (sic) caused the

incorporation of a Nebraska nonprofit corporation named: Windgate Ranch Homeowners Association, Inc. - the first named Defendant herein, Defendant HOA.

**16.** In December 2023, purportedly pursuant to and under authority of the 2014 Covenants, Defendant HOA levied and imposed purported 2024 homeowner-association dues on each residential lot within Windgate Ranch Two (sic). At and during that time, Defendant HOA had no legal nexus or legal connection to the 2014 Covenants and no authority to assess homeowner-association dues against Plaintiffs as owners of lots and homes in Windgate Ranch Two (sic).

**17.** Also in (or before) December, 2023, Defendant HOA retained Defendant Vandelay to prepare and issue invoices for said purported 2024 homeowner association dues Defendant HOA had assessed and to collect the same on behalf of Defendant HOA. At and during that time, Defendant Vandelay had no legal nexus or legal connection to the 2014 Covenants, even via Defendant HOA, and had no authority to collect Windgate Ranch Two homeowner-association dues from Plaintiffs as owners of lots and homes in Windgate Ranch Two (sic).

**18.** In and after December, 2023, but prior to and in July 2024, Defendant HOA and persons acting on its behalf, including Defendant Vandelay, and persons acting on its behalf, undertook to draft and create numerous amendments to the 2014 Covenants. At and during all such times, neither Defendant had any legal nexus or legal connection to the 2014 Covenants.

**19.** On July 11, 2024, Defendant HOA secured a written assignment of all rights under the 2014 Covenants (the "Assignment"). The assignor in the Assignment was Pacific Windgate II, LLC, the developer of Windgate Ranch Two (sic) and the sole Declarant in the 2014 Covenants.

**20.** On July 15, 2024, purportedly and ostensibly under the purported rights assigned to it in the Assignment, Defendant HOA caused the amendments (to the 2014 Covenants) which Defendant HOA had created to be recorded in the office of the Douglas County, Nebraska Register of Deeds as INSTRUMENT #2024048092 (the "2024 Amendments").

**21.** In December 2024, Defendant HOA levied and imposed purported **2025** homeowner-association dues against each residential lot within Windgate Ranch Two (sic) - the lots the Class members respectively own.

**22.** In December, 2024, Defendant HOA continued to retain Defendant Vandelay to prepare and issue invoices for said purported 2025 homeowner association dues and to collect the same on behalf of Defendant HOA.

**23.** Defendants proceeded with all such actions without exercising reasonable care and diligence as to the lawfulness of those acts. Defendants' acts and omissions failed to reasonably account for:

(a) Errors in the legal descriptions contained within:

i. the Assignment, and

ii. the 2024 Amendments.

That is: both such instruments contained legal descriptions of lots only in "Windgate Ranch **II**" (sic), not the correct subdivision name: Windgate Ranch **Two**;

(b) the proper identification of, and authority (if any) of the homeowners association, that possessed authority over Windgate Ranch Two (sic), if any;

(c) the legal capacities of the parties to the Assignment, the assignor (Pacific Windgate II, LLC) and the assignee (Defendant HOA) of the 2014 Covenants; and

(d) requirements governing any assignment of rights within the 2014 Covenants, expressly set forth IN the 2014 Covenants; and

(e) the requirements for amending the 2014 Covenants, including those related to homeowner vote and approval, the timing and recording of any such amendments, all as expressly set forth in the 2014 Covenants.

**24.** In July, 2023, after the incorporation of Defendant HOA, Defendants began misrepresenting to the public and to Plaintiffs and to the Class that Defendant HOA **was** the homeowners "Association" identified in the 2014 Covenants. Defendants further misrepresented that Defendant HOA's December, 2023 assessments of 2024 Windgate Ranch Two homeowner association dues and its December, 2024 assessments of 2025 Windgate Ranch Two homeowner association dues, and Defendants' enforcement and collection actions with respect to the 2014 Covenants and the Assignment and the 2024 Amendments were all valid and lawful.

**25.** Defendants' misrepresentations and their recording of the Assignment and the 2024 Amendments and their respective implementation of collection and enforcement of the provisions thereof directly and proximately caused damage to Plaintiffs, including clouding the titles to the 265 Lots that Plaintiffs and members of the Class respectively own in Windgate Ranch Two (sic), and financial loss with respect to the collection from Plaintiffs of the Windgate Ranch Two homeowners association dues Defendant HOA assessed against Plaintiffs.

**26.** Defendant HOA continues to impose unlawful assessments under the 2024 Amendments.

Defendant Vandelay continues to collect Windgate Ranch Two homeowner association dues which Defendant HOA assessed.

**27.** Defendant HOA is also continuing its recordation of liens and/or threats thereof, against Windgate Ranch Two homes of Plaintiffs who refuse to pay such Windgate Ranch Two assessments and dues.

**28.** Judicial relief is necessary to remove the resulting clouds on titles of the real properties in Windgate Ranch Two (sic) Plaintiffs respectively own, and to enjoin Defendants from continuing to assert, record, or act upon any purported rights, powers, or capacities that are invalid or otherwise without legal effect. Without judicial intervention and relief, Defendants will continue to misrepresent the validity and lawfulness of the Assignment and the 2024 Amendments and unlawful assessments of Windgate Ranch Two homeowner association dues and collections thereunder, causing Plaintiffs ongoing damages.

**SPECIFICS OF DEFENDANTS' ACTS AND OMISSIONS**

**24. The Reason Defendant HOA's January 1, 2024, Assessments are ineffective and invalid. On January 1, 2024 Defendant had zero legal connection to the 2014 Covenants.**

**25.** On or about December 22, 2023, Defendant Vandelay, acting on behalf of and at the direction of Defendant HOA, sent an Invoice by U.S. Mail to all Windgate Ranch Two (sic) homeowners.

Such Invoices purported to imposed a "Windgate Ranch HOA **2024** Annual Assessment" of $175.00 on each Windgate Ranch Two (sic) lot, effective January 1, 2024. A redacted copy of the Invoice, omitting personal homeowner information, appears below.

**Windgate Ranch HOA**
PO Box 45918
Omaha, NE 68145

THE HOA COMPANY

## Invoice

Property Address:

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12/22/2023 | Current account balance | $0.00 |
| 1/1/2024 | Windgate Ranch HOA: 2024 Annual Assessment | $175.00 |

*Payment Terms*: The full amount is due within 30 days from the date the charge is posted. Payments received after this period may be subject to late fees and interest as outlined in your association's governing documents.

To access your account and pay online, visit us at www.thehoacompany.com and click on Resident Center or download our App by searching for "Resident Center by Buildium" in your device's App Store.

If you have questions, please contact The HOA Company by sending an email to support@thehoacompany.com or by phone at (402)552-8818.

**26.** In December, 2023, when Defendant Vandelay US mailed such Invoices, Defendant HOA and Defendant Vandelay had no legal capacity and no legal right to do so. Defendants then had no connection to, and no nexus with, the 2014 Covenants, or with the Declarant of the 2014 Covenants; none that could even remotely (even under the broadest interpretation) legitimze invoicing each Windgate Ranch Two (sic) lot and homeowner a $175.00 homeowner association dues assessment.

In December, 2023, there was no document (even) purportedly existing that would have given either Defendant the legal or lawful right to assess and collect homeowner association dues against Plaintiffs and the Class as owners of lots and homes in Windgate Ranch Two (sic).

**27.** Additionally, and materially, on information and belief, Defendants did not impose such 2024 assessments or US Mail or otherwise deliver such Invoices to "Phase 1 of Windgate Ranch, Lots 1 through 95, inclusive". Those 95 lots are the lots expressly set forth in the 2014 Covenants for which the 2014 "Association" identified in the 2014 Covenants was to have been formed in or prior to 2014.

**28. Reason One the 2024 Amendments are ineffective and invalid. Defendant HOA is not the "Association" identified and authorized in the 2014 Covenants.**

**29.** Only the "Association" identified in the 2014 Covenants had or has (or could have had) rights under the 2014 Covenants. As set forth in the next paragraph, that "Association" was expressly identified in the 2014 Covenants as having been formed in or prior to 2014, for Lots 1-95 inclusive in Phase 1 of Windgate Ranch; (not formed in 2023, only for Windgate Ranch Two) lots.

**30.** Article II, Section 2 of the 2014 Covenants states:

> 2. The Association. Declarant has caused or will cause the incorporation of WINDGATE RANCH HOMEOWNERS ASSOCIATION, a Nebraska nonprofit corporation (hereinafter referred to as the "Association). **The Association was formed for Phase 1 of Windgate Ranch for the Lots 1 through 95, inclusive, Windgate Ranch**." (Bold added)

**31.** No such "Association" for the Lots 1 through 95, inclusive, Windgate Ranch was ever formed, neither in 2014, nor at any time prior to 2014. It does not exist; it never existed.

**32.** Other than the "Association" expressly identified in Article II, Section 2 of the 2014 Covenants, nothing in the 2014 Covenants authorizes or even references any alternate entity, association, homeowners association, or nonprofit corporation. The 2014 Covenants name and identify only one Association: an Association that was to have been formed in or before 2014 for

Phase 1 of Windgate Ranch for the Lots 1 through 95, inclusive, Windgate Ranch (sic). The 2014 Covenants do not contemplate, let alone authorize or empower, any different entity formed years later, including Defendant HOA, which first came into existence nine (9) years after the 2014 Covenants were created and recorded..

**33.** However, after Defendant HOA was incorporated in July, 2023, Defendants began misrepresenting to the public and to the Class that Defendant HOA **WAS** the "Association" identified in the 2014 Covenants.

**34.** In 2024, while drafting and creating the 2024 Amendments, Defendants, and individuals acting on their behalf, deleted the second sentence (***bolded and italicized below)*** in Article II, Section 2 of the 2014 Covenants, which states:

> 2. The Association. Declarant has caused or will cause the incorporation of WINDGATE RANCH HOMEOWNERS ASSOCIATION, a Nebraska nonprofit corporation (hereinafter referred to as the "Association). ***The Association was formed for Phase 1 of Windgate Ranch for the Lots 1 through 95, inclusive, Windgate Ranch***." (Bold and italics added)

**35.** Section 2, Subparagraph **g** of 2024 Amendments Defendant HOA recorded July 15, 2024, contains Defendant HOA's deletion of that second sentence:

> "Section 2 of Article II of the Declaration is amended by deleting the second sentence of the introductory paragraph thereof."

**36.** When Defendants deleted that second sentence, their lack of reasonable care and diligence in doing so created at least two impossibilities – an identity-based impossibility and a temporal-based impossibility. Defendants overlooked that Defendant HOA could not satisfy either of them.

a) **Identity Impossibility**. In the 2014 Covenants, the "Association" is expressly identified as formed "for phase 1 of Windgate Ranch for the Lots 1 through 95, inclusive Windgate Ranch"

However, Defendant HOA was formed for the (alleged) benefit of the "residential portion of Windgate Ranch subdivision" (quoted from its Articles of Incorporation).

b) **Temporal Impossibility**. Defendant HOA was formed in October, 2023, nearly a decade **after** the 2014 Covenants;

Certainly not within the context of, or consistent with, Declarant's use **in 2014**, of (the past tense) "The Association **was** formed **….**".

**37.** That second sentence of Article II, Section 2 of the 2014 Covenants (written and recorded in 2014), uses only past-tense, definitive language: "**was** formed." It is an unequivocally clear statement. It neither admits, nor gives rise to, nor gives an opportunity for any ambiguity. It allows no other inference or implication other than the past, and no contingency and no plan with respect to the future.

**38.** Defendants lack of reasonable care and diligence in deleting that second sentence further overlooked that Defendant HOA's deletion created an illogical and circular conundrum, to wit: Defendants had deleted, from an historic instrument, recorded nine (9) years earlier, the very language that identified the very "Association" that Defendant HOA was then, (and continues to be), misrepresenting itself to be!

**39. Reason Two the 2024 Amendments are ineffective and invalid. In 2024, Pacific Windgate II, LLC, the original Declarant of the 2014 Covenants, lacked statutory capacity to assign its rights under the 2014 Covenants to Defendant HOA.**

**40.** On July 10, 2024, Defendant HOA secured the Assignment from Pacific Windgate II, LLC, a document titled "RELINQUISHMENT,

SURRENDER, AND ASSIGNMENT OF DECLARANT RIGHTS." The Assignment contained legal descriptions only of lots in Windgate Ranch II (sic), no legal descriptions of lots in Windgate Ranch Two.

**41.** Defendant HOA caused the Assignment to be recorded in the office of the Douglas County, Nebraska Register of Deeds as MISC Inst. No. 2024048092, with a recording date and time stamp of July 15, 2024, at 14:49:37.187.

**42.** However, on July 10, 2024, Pacific Windgate II, LLC had been administratively dissolved, by operation of law, by the Nebraska Secretary of State (on June 21, 20**23**), nearly a year before the date of and recording of the Assignment. By reason of such dissolution, Pacific Windgate II, LLC lacked legal capacity to assign the 2014 Covenants, or any rights thereunder, to Defendant HOA.

**43.** As an administratively dissolved limited liability company, Pacific Windgate II, LLC had only the limited powers permitted under Neb. Rev. Stat. §21-151: to "carry on only activities necessary to wind up its activities and liquidate its assets".

**44.** The Assignment benefited only Defendant HOA and Defendant Vandelay. As such, the Assignment cannot credibly be explained or justified as an act of Pacific Windgate II, LLC, to "carry on only activities necessary to wind up its activities and liquidate its assets" as set forth in Neb. Rev. Stat. §21-151.

**45.** By July, 2024, Pacific Windgate II, LLC had had nearly nine years after 2014 to execute such an Assignment, but never had done so.

**46.** Further, Pacific Windgate II, LLC did not approach Defendant HOA with any request that Defendant HOA amend the 2014 Covenants "to wind up activities of Pacific Windgate II, LLC. Nor did Pacific Windgate II, LLC first

advise or first notify Defendant HOA that it was about to gratuitously assign its rights, if any, under the 2014 Covenants. Further, the Assignment contains no recital of any consideration passing from Defendant HOA to Pacific Windgate II, LLC, consideration that would have been necessary to "liquidate" its assets.

**47.** With a continuing lack of reasonable care and diligence, it was Defendant HOA and Defendant Vandelay, specifically Vandelay's manager, who initiated contact with, and made a request to an attorney for Pacific Windgate II, LLC, **asking** for the Assignment. Absent that outreach by Defendant HOA, the principal of Pacific Windgate II, LLC would likely have remained unaware of the legal significance of the July 14, 2024 deadline expressly contained within the 2014 Covenants.

**48.** For nine (9) years following 2014, Pacific Windgate II, LLC did not execute any assignment of its rights under the 2014 Covenants. For nine (9) years it did not find the assignment or anything like it "necessary to wind up its activities and liquidate its assets". Likewise in 2024: the Assignment was not "necessary to wind up its activities and liquidate its assets", nearly a year after its dissolution.

**49. Reason Three the 2024 Amendments are ineffective and invalid. Express terms of the 2014 Covenants require any successors and assigns of the 2014 Declarant to acquire more than one undeveloped Lot from the Declarant for the purpose of development. Defendant HOA did not ever make any such acquisition.**

**50.** Article II, Section 1. E. of the 2014 Covenants expressly defines Declarant and its "successors and assigns".

> "Declarant" shall mean and refer to PACIFIC WINDGATE II, LLC, its successors and assigns **if such successors or assigns should acquire more**

**than one undeveloped Lot from the Declarant for the purpose of development**." (Bold added).

**51.** Defendant HOA never acquired any lots from Declarant; not one, not more than one, not any undeveloped lot, not any lot for development. None. Such acquisition was expressly required by the 2014 Covenants to qualify as, and to BE, a successor or assign of Declarant.

**52.** Consequently, Defendant HOA is not a valid assignee of the Assignment.

**53.** As a result, Defendant HOA never had legal standing or capacity to do any of the following in a legally valid or lawful manner:

**a)** accept or record the Assignment, or claim to have, or have, any rights under it;

**b)** create, record, and enforce the 2024 Amendments or claim to have, or have, any rights under it;

**c)** exercise any rights under the 2014 Covenants or any purported amendment thereof, including imposing Windgate Ranch Two homeowner association assessments and dues on Plaintiffs and the Class.

**54.** **Reason Four the 2024 Amendments are ineffective and invalid. Defendant HOA recorded the 2024 Amendments late, on July 15, 2024; the deadline for such recording expressly required by the 2014 Covenants was July 14, 2024.**

**55.** The 2014 Covenants, Article IV, Section 3, expressly provide and expressly require: (Bold and Italics added)

> For a period of ten (10) years ***following the date hereof,*** Developer, its successors or assigns, shall have the sole, absolute and exclusive right to amend, modify or supplement all of any portion of these Protective Covenants from time to time **by executing *and recording*** one or more duly acknowledged Amendments to Protective Covenants in the Office of the Register of Deeds of Douglas County, Nebraska. Thereafter, this Declaration. may be amended by an instrument signed by the owners of not less than seventy-five percent (75%) of the Lots covered by this Declaration."

The 2014 Covenants "***date hereof*" is July 14, 2014**.
The 2024 Amendments ***recording* date is July 15, 2024**.

The 2014 Covenants expressly require that any amendment to them by Declarant or its successors/assigns be both executed ***and recorded*** by July 14, 2024, (within 10 years after the "date hereof" of the 2014 Covenants: July 14, 2014).

The 2024 Amendments, recorded on July 15, 2024, are ineffective and invalid because Defendant HOA failed to meet that expressly required recording deadline (July 14, 2024) expressly required by the 2014 Covenants.

**56.** The fact that July 14, 2024 fell on a Sunday does not cure the late recording. The weekend extension provision of Neb. Rev. Stat. §25-2221 applies only as expressly stated in such statute: to "any action or proceeding." The Nebraska Supreme Court has consistently held that §25-2221 applies exclusively to judicial or administrative actions.

**57. Reason Five the 2024 Amendments are ineffective and invalid. Defendant HOA recorded the 2024 Amendments BEFORE recording the underlying Assignment that purportedly conferred capacity to amend the 2014 Covenants.**

**58.** Even disregarding that Defendant HOA was an invalid assignee of Pacific Windgate II, LLC, who was an invalid assignor, Defendant HOA recorded

the 2024 Amendments before Defendant HOA recorded the Assignment, before Defendant HOA, of record, obtained and could have claimed, any legal right or capacity to amend the 2014 Covenants as Declarant's assignee.

**59.** Nebraska's race-note recording statute states:

> Neb. Rev. Stat. § 76-238. Deeds and other instruments; recording; when effective as notice; possession of real estate; not effective as notice; when.
>
> (1) Except as otherwise provided in Sections 76-3413 to 76-3415, all deeds, mortgages, and other instruments of writing which are required to be or which under the laws of this state may be recorded, **shall take effect and be in force from and after the time of delivering such instruments to the register of deeds for recording, and not before,** as to all creditors and subsequent purchasers in good faith without notice. (Bold added)

**60.** The Douglas County Nebraska Register of Deeds' timestamps show Defendant HOA delivered for recording its 2024 Amendments nearly eight hours before the Assignment, before it obtained any (even) purported rights to amend the 2014 Covenants.

**a)** The Douglas County Nebraska Register of Deeds recording stamp for the **Assignment** is: Rec Date: **07/15/2024 14:49:37.187** as MISC Inst. 2024048092

**b)** The Douglas County Nebraska Register of Deeds recording stamp for the **2014 Covenant Amendments** is: Rec Date: **07/15/2024 07:02:19.887** as MISC Inst. 2024047783

**61.** Under Nebraska's race-notice statute, the 2024 Amendments are void because they were recorded before the Assignment that purportedly gave any right TO record the 2024 Amendments.

**62.** Under Nebraska's race-notice statute, any right to amend the 2014 Covenants would have taken **"effect and be in force"** from and after **07/15/2024 14:49:37.187** (when the Assignment was delivered for recording), NOT nearly

eight (8) hours earlier at **07/15/2024 07:02:19.887**" when the 2024 Amendments were delivered for recording. (Bold Added)

**63. Reason Six the 2024 Amendments are ineffective and invalid. There is no Windgate Ranch II (sic) subdivision.**

**64.** This is the most evident, visible and obvious example of Defendants' lack of reasonable care and diligence in the matters set forth in this Complaint.

The legal descriptions Defendants utilized and inserted into the Assignment and into the 2024 Covenants are of lots in Windgate Ranch **II** , not lots in Windgate Ranch **Two**, as set forth in the original Plat of Windgate Ranch Two. There is no Windgate Ranch **II** (sic) subdivision in Douglas County, Nebraska.

**65.** Plaintiffs' consistent use of " (sic) " following references herein to the legal descriptions underscore this reason the 2024 Amendments are ineffective and invalid.

Even notwithstanding the Assignment's and 2024 Amendments' incorrect use of "II" instead of "Two" describing the Windgate Ranch Two subdivision, there appears to be a number of lots in the originally plated Windgate Ranch Two subdivision missing from the legal descriptions in the Assignment and in the 2024 Amendments. Further, the legal descriptions in the Assignment and the 2024 Covenants also contain the following erroneous legal descriptions in Replats of Windgate Ranch Two, even further perpetuating the "II" v. "Two" errors and omissions by Defendants:

- lots within Windgate Ranch **II**, Replat One; there is no Windgate Ranch II, Replat One;

- one lot within Windgate Ranch **II**, Replat Three; there is no Windgate Ranch II, Replat Three;
- lots within Windgate Ranch **II**, Replat Four; there is no Windgate Ranch II, Replat Four.

The legal description attached as Exhibit A to the 2024 Amendments contains more language than the legal description attached as Exhibit A to the Assignment, even though the two documents were executed only one day apart. Neither document, however, includes anywhere, the correct and originally platted (and THREE replated) legal descriptions for Windgate Ranch **Two**, Windgate Ranch **<u>Two</u>** Replat One, Windgate Ranch **<u>Two</u>** Replat Three, or Windgate Ranch **<u>Two</u>** Replat Four.

**66.** The Assignment's and the 2024 Amendment's legal descriptions all fail under strict literal construction.

**67.** The legal descriptions in the Assignment and in the 2024 Amendments, though incorrect, are not ambiguous. Therefore, Nebraska's Four Corners Rule mandates strict, literal construction with respect to "II" and "Two." Because there is no ambiguity, the distinction between "II" and "Two" must be given full effect. Extrinsic evidence or curative instruments cannot be used to alter or explain the documents recorded containing Windgate Ranch **II** instead of Windgate Ranch **Two**.

**CLOSING GENERAL ALLEGATIONS**

**68.** Defendants made misrepresentations in the Assignment and in the 2024 Amendments. Defendants then caused those misrepresentations to be published through the act of recording them and via the US mail and otherwise, via email and publication of Defendant HOA meeting minutes.

**69.** The recorded Assignment and the recorded 2024 Amendments encumbered and clouded the real property titles of Windgate Ranch Two (sic) real properties respectively owned by Plaintiffs and each member of the Class.

**70.** Defendant Vandelay actively participated in procuring and preparing and recording the recorded Assignment and creating the recorded 2024 Amendments.

**71.** Defendants enforced the Assignment and the 2024 Amendments against Windgate Ranch Two lot while lacking all legal capacity to do so.

**72.** Defendant HOA retained Defendant Vandelay to collect Windgate Ranch Two homeowner association assessments of dues Defendant HOA claimed were owed.

**73.** Defendant Vandelay carried out those collections. Defendant Vandelay profited therefrom at the expense of each Plaintiff.

**74.** Defendants continue recordation of liens and/or threats thereof against the Windgate Ranch Two homes and lots of Plaintiffs who refuse to pay such unlawful assessments of purported homeowner association dues.

**75.** On and after to January 12, 2024, Plaintiff Teri L. Engle diligently and repeatedly notified Defendants of the unlawful nature of their acts and omissions and demanded that Defendants cease and cure their errors and omissions.

**76.** After January 12, 2024, Defendants continued their misrepresentations acts and omissions, despite those repeated demands to cease.

**77.** After Defendants recorded the 2024 Amendments on July 15, 2024, and before September 10, 2024, Defendant Vandelay's Manager emailed Plaintiffs and the Class. In that email, Defendant Vandelay's Manager claimed

Defendants had "worked with" three law firms and a land development company (presumably, Pacific Windgate II, LLC) in drafting and recording the 2024 Amendments. That email lent (purported) credibility to the Assignment, the 2024 Amendments, and the Windgate Ranch Two homeowner association dues Defendants were imposing and collecting. However, despite that claimed collaboration, neither Defendant acted with the care or diligence Defendants owed to Plaintiffs and the Class and Defendants continued their errors and omissions.

**78.** On March 21, 20**25**, and continuing thereafter, Joseph J. Skudlarek, Plaintiffs' undersigned counsel, also provided notice and demand to two separate counsels, one for each Defendant, and a separate counsel for Pacific Windgate II, LLC. Said notice contained, in letter form, a recitation of the same errors and omissions set forth in this Complaint.

**79.** Thereafter, Defendants continued their misrepresentations acts and omissions, despite those repeated demands to cease.

**80.** Defendants misrepresentations, acts and omissions to act directly and proximately caused:

**a)** clouded titles to Plaintiffs' properties In Windgate Ranch Two; and

**b)** Plaintiffs' damages, including Windgate Ranch Two homeowner association dues Defendants collected from Plaintiffs, attorneys' fees to prosecute this action and cure such clouded titles.

**81.** Plaintiffs seek the following relief:

**a)** cancellation of the recording of the Assignment and cancellation of the recording of the 2024 Amendments;

**b)** invalidation of all liens and clouds on titles to Plaintiffs' Windgate Ranch Two real properties;

**c)** entry of judgment quieting title to each Plaintiff's property in Windgate Ranch Two, free and clear of any cloud created by the Assignment and/or by 2024 Amendments, and all liens resulting therefrom;

**d)** disgorgement and return of all unlawfully assessed and collected Windgate Ranch Two homeowner association assessments and dues;

**e)** Plaintiffs' damages, including attorneys' fees allowed by law;

**f)** a jury trial on all triable issues; and

**g)** such further relief as the Court deems just and appropriate

**FIRST CAUSE OF ACTION – CLASS ACTION CERTIFICATION (Against All Defendants)**

**82.** Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

**83.** This Cause of Action is asserted against all Defendants.

**84.** Plaintiffs seek certification of this case as a class action under Federal Rule of Civil Procedure 23.

**85.** The Class is defined as only Nebraska citizens who, on or after December 1, 2023, own or owned one or more of the originally platted 265 residential lots within Windgate Ranch Two, a subdivision in Douglas County, Nebraska.

**86.** Numerosity: The Class is so numerous that joinder of all members is impractical. The Class consists of in excess of 100 members, whose identities and Windgate Ranch Two addresses can be readily ascertained from Defendants; since December 2023 to the present Defendants have US mailed Invoices to each member of the Class for Windgate Ranch Two homeowner association dues.

**87.** Commonality: There are questions of law and fact common to the Class that predominate over questions affecting only individual members. These common questions include, but are not limited to:

**a)** Whether the Assignment is ineffective and invalid;

**b)** Whether the 2024 Amendments are ineffective and invalid;

**c)** Whether Defendant HOA lacks legal capacity to assess Windgate Ranch Two homeowner association dues against Plaintiffs and the Class and whether both Defendants lack legal capacity to collect those dues;

**d)** Whether Defendants engaged in acts and omissions in violation of the Nebraska Deceptive Trade Practices Act and Nebraska Consumer Protection Act, and, in Defendant Vandelay's case, in violation of the Nebraska Collection Agency Act;

**e)** Whether the Class is entitled to declaratory and injunctive relief invalidating the Assignment and the 2024 Amendments and clearing and quieting titles to the real properties members of the Class respectively own in Windgate Ranch Two;

**f)** Whether the Class is entitled to recover from Defendants all assessments and dues the Class paid to Defendants, plus any additional damages the Class or any member thereof may have incurred by reason of Defendants' acts and omissions, including attorney fees.

**88.** The claims of the named Plaintiffs are typical of the claims of the Class. The named Plaintiffs and all Class members have been damaged by the same acts and omissions of Defendants, (the creation and enforcement of void instruments, including collections of purported Windgate Ranch Two homeowner association dues thereunder), and each and all seek the same relief.

**89.** Named Plaintiffs will fairly and adequately protect the interests of the Class. They have no interests adverse to the Class and have retained counsel who will vigorously prosecute this action.

**90.** Defendants recorded and enforced instruments that apply uniformly to all Class members, making final injunctive or declaratory relief appropriate for the Class as a whole.

**91.** Questions of law and fact common to all Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual stakes are small compared to the cost of individual litigation, and a class action will ensure consistent results for all members and conserve judicial resources.

**92.** Plaintiffs request the Court certify the proposed Class, appoint named Plaintiff Teri Engle as Class Representative, and appoint Joseph J. Skudlarek, as Class Counsel.

**WHEREFORE**, Plaintiffs respectfully request:

**d)** Certification of this case as a class action under Federal Rule of Civil Procedure 23;

**e)** Appointment of Plaintiff, Teri L. Engle, as Class Representative and the undersigned, Joseph J. Skudlarek, as Class Counsel;

**f)** Issuance of Notice to Class members as ordered and directed by the Court;

**g)** Plaintiffs' costs and attorney's fees permitted by law;

**h)** Such further relief as the Court deems appropriate.

**SECOND CAUSE OF ACTION – NEGLIGENCE (Against All Defendants)**

**93.** Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

**94.** This Cause of Action is asserted against all Defendants.

**95.** Defendants, and each of them, assumed and asserted roles of an authorized homeowners association and its agent, resulting in each Defendant

owing Plaintiffs a duty to exercise reasonable care and diligence in all matters affecting Plaintiffs' Windgate Ranch Two land titles, their properties, and any assessments, invoicing, or collection of purported Windgate Ranch Two homeowner association dues or assessments.

**96.** Defendants breached these duties by recording the Assignment and the 2024 Amendments, and by assessing and collecting purported Windgate Ranch Two homeowner association dues, without reasonable care and diligence and without the legal authority or capacity to do so.

**97.** Defendants' acts and omissions were the direct and proximate cause of Plaintiffs' damages, including clouded and impaired property titles, financial loss of such Windgate Ranch Two homeowner association dues Plaintiffs paid, reputational harm, and emotional distress.

**98.** The duties Defendants owed and breached arise under Nebraska statutes and common law and exist independently of any contractual relationship.

**WHEREFORE**, Plaintiffs respectfully request:

**a)** A finding that all Defendants were negligent;

**b)** An award of damages proximately caused by Defendants' negligence, including, but not limited to, disgorgement of all homeowner association dues and assessments unlawfully collected, expungement of the Assignment and the 2024 Amendments and liens flowing therefrom and quieting title to each Windgate Ranch Two lot respectively owned by each Plaintiff;

**c)** Plaintiffs' costs and attorney's fees permitted by law;

**d)** Such further relief as the Court deems appropriate.

**THIRD CAUSE OF ACTION - BREACH OF THE DUTY OF CANDOR / DUTY TO DISCLOSE MATERIAL FACTS (Against All Defendants)**

**99.** Plaintiffs incorporate all preceding allegations as if fully set forth herein.

**100.** This Cause of Action is asserted against all Defendants.

**101.** Under Nebraska common law, a party who assumes and asserts a position of trust, confidence, or governance may not remain silent where a duty exists to disclose material facts. Such a duty arises from fiduciary obligations, from the making of partial or misleading disclosures, or from circumstances in which silence would operate to mislead or deceive.

**102.** Defendant HOA assumed and asserted roles of governance over the homeowners in Windgate Ranch Two by holding itself out as a homeowners' association, and issuing collecting, and enforcing assessments of Windgate Ranch Two homeowner association dues, threatening additional more coercive enforcement, and recording encumbrances affecting Plaintiffs' properties.

Defendant Vandelay assumed and asserted such roles over the homeowners in Windgate Ranch Two by asserting itself as the agent of Defendant HOA acting on its behalf and further asserting and representing all acts of Defendants with respect to Windgate Ranch Two were lawful acts.

**103.** Defendants owed Plaintiffs a duty of candor and were required to disclose all material facts affecting Defendants' asserted capacities and Plaintiffs' property rights.

**104.** Defendants failed to disclose material facts to Plaintiffs, including but not limited to:

**a)** That Defendant HOA was not the "Association" identified and authorized in the 2014 Covenants, and

**b)** In December 2023, Defendants had no legal connection to the 2014 Covenants or to the Declarant of the 2014 Covenants and had no legal capacity to assess homeowner association dues on the lots and homes in Windgate Ranch Two;

**c)** On July 10, 2024 that the "Declarant" in the Assignment and the 2014 Covenants was an invalid assignor of the 2014 Covenants, because it had then been administratively dissolved by operation of law, nearly a year earlier and lacked capacity to assign any rights to Defendant HOA under the 2014 Covenants or otherwise;

**d)** That Defendant HOA is an invalid assignee of Declarant's rights under the 2014 Covenants because Defendant HOA never did "acquire more than one undeveloped Lot from the Declarant for the purpose of development";

**e)** That the "Assignment" lacked legal consideration, and enforceable effect;

**f)** That the Assignment and the 2024 Amendment both included wrong legal descriptions of lots in "Windgate Ranch **II**" rather than "Windgate Ranch **Two**";

**g)** That the 2024 Amendments had not been lawfully adopted by requisite homeowner vote or procedure;

**h)** That the 2024 Amendments were recorded late, on July 15, 2024, outside the date expressly required by the 2014 Covenants, July 14, 2024;

**i)** That the 2024 Amendments were recorded before the underlying Assignment upon which the right to create and record such 2024 Amendments purportedly relies. (Nebraska's race-notice statute).

**105.** Defendants' silence, omissions, and misrepresentations misled homeowners in Windgate Ranch Two into reasonably believing that Defendant HOA and its directors and its agents, including Defendant Vandelay and its member, manager, and agents, had the legal capacity to assess homeowner association dues and to demand collection of the same, and to collect the same, to record liens, and exercise governance powers over Windgate Ranch Two properties.

**106.** Plaintiffs reasonably and justifiably relied upon Defendants acts and omissions and as a direct and proximate result thereof, Plaintiffs suffered damages, including loss of homeowner association dues Plaintiffs paid, unlawful liens, litigation threats, impaired and clouded titles, and coercive assessment demands.

**107.** Defendants' breach of their duty to speak and disclose material facts constitutes an equitable and tortious wrong, actionable under Nebraska law.

**108.** The duties Defendants owed and breached arise under Nebraska statutes and common law and exist independently of any contractual relationship.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against all Defendants, jointly and severally, and grant the following relief:

- **a)** An award of damages proximately caused by Defendants' breaches, including, but not limited to, disgorgement of all homeowner association dues and assessments unlawfully collected;
- **b)** Cancellation or rescission of the Assignment, the 2024 Amendments and all recorded instruments, notices, liens, and amendments arising from or tied to Defendants' failure to disclose material facts;
- **c)** An order of equitable estoppel, barring Defendants from asserting rights or capacity premised on such omissions or misrepresentations;
- **d)** Plaintiffs' costs and attorney's fees permitted by law;
- **e)** Such further relief as the Court deems appropriate.

**FOURTH CAUSE OF ACTION. BREACH OF FIDUCIARY DUTY (Against Defendant HOA and (When Named) Its Directors and Agents)**

**109.** Plaintiffs incorporate all preceding allegations as if fully set forth herein.

**110.** This Cause of Action is asserted against Defendant HOA, including its individual directors and agents of Defendant HOA who are named during or after Discovery.

**111.** Defendant HOA and those serving as its directors or agents to be named during or after Discovery, held themselves out as acting on behalf of the interests of Plaintiffs as Windgate Ranch Two homeowners, and thus owed fiduciary duties to Plaintiffs as those Windgate Ranch Two homeowners under Nebraska common law and applicable Nebraska nonprofit corporation law.

**112.** Pursuant to Neb. Rev. Stat. § 21-1986(a), directors of Nebraska nonprofit corporations are required to discharge their duties:

**i.** in good faith,

**ii.** with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and

**iii.** in a manner he or she reasonably believes to be in the best interests of the corporation.

**113.** Even if Defendant HOA lacked formal capacity to bind Windgate Ranch Two homeowners, Defendant HOA's self-assumed and asserted role of governance over Windgate Ranch Two and its assertion of powers affecting property rights of Plaintiffs created a fiduciary relationship, or a relationship of trust and reliance, enforceable under Nebraska law.

**114.** Defendant HOA breached its fiduciary duties to Plaintiffs in one or more of the following ways:

**a)** On information and belief, failing to disclose material conflicts of interest, including undisclosed business, legal, or financial relationships among directors, agents, and outside management company (Defendant Vandelay) asserting collection powers;

**b)** Acting in furtherance of private motives, rather than in the collective interest of subdivision homeowners;

**c)** recording the Assignment and the 2024 Amendments and related ensuing purported assessment liens that impair, rather than preserve, Plaintiffs

property values and title integrity and assessing and collecting purported Windgate Ranch Two homeowner association dues;

**d)** Misrepresenting and/or exceeding the legal scope of their capacities in a manner inconsistent with loyalty, fairness, and transparency owed to the Plaintiffs as Windgate Ranch Two homeowners subject to Defendant HOA's asserted and self-proclaimed control.

**115.** The breach of fiduciary duties by Defendant HOA and its (pending discovery, yet to be named) directors or agents was the direct and proximate cause of foreseeable damages to Plaintiffs, including clouded titles, loss of homeowner association dues Plaintiffs paid, unlawful lien threats, litigation expenses, and reputational harm within the community.

**116.** Plaintiffs are entitled to disgorgement of homeowner association dues Plaintiffs paid, compensatory damages, declaratory relief, and equitable remedies, including the removal and expungement of the Assignment and the 2024 Amendments and all liens flowing therefrom of recorded documents

**117.** The duties Defendants owed and breached arise under Nebraska statutes and common law and exist independently of any contractual relationship.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant HOA, and against its individual directors and agents to be identified and joined during or after Discovery, jointly and severally, as follows:

**a)** For a judicial finding that Defendant HOA and those purporting to act on its behalf owed fiduciary duties to Plaintiffs under Nebraska law;

**b)** For a finding that such fiduciary duties were breached by one or more acts or omissions of Defendant HOA and persons acting on its behalf, including but not limited to those described in this Complaint;

**c)** For compensatory damages, including but not limited to disgorgement of all homeowner association dues collected by Defendants, diminution of property value, legal expenses and costs incurred to quiet title, and harm to reputation or community standing;

**d)** For equitable relief, including an order requiring removal or cancellation of any recorded encumbrances, instruments, amendments, or liens recorded in breach of fiduciary duty, including the Assignment, the 2024 Amendments and all liens and instruments flowing therefrom;

**e)** For imposition of a constructive trust, surcharge, or other equitable remedy as the Court deems just and appropriate;

**f)** Plaintiffs' costs and attorney's fees permitted by law;

**g)** Such further relief as the Court deems appropriate.

**FIFTH CAUSE OF ACTION EQUITABLE RESCISSION / CANCELLATION OF INSTRUMENTS (Against Defendant HOA)**

**118.** Plaintiffs incorporate all preceding allegations as if fully set forth herein.

**119.** This Cause of Action is asserted against Defendant HOA.

**120.** Under Nebraska common law and principles of equity, a party may seek rescission or cancellation of instruments that were obtained or recorded by misrepresentation or without legal capacity.

**121.** The equitable remedy of rescission is particularly appropriate where the underlying documents cloud title, purport to affect real property interests, or were filed under color of capacity that was defective or nonexistent.

**122.** Defendant HOA recorded, or requested one or more of its counsel to record, one or more instruments that materially impair Plaintiffs' property interests in Windgate Ranch Two and that were invalid and ineffective, including:

**a)** The Assignment, which purported to convey governing powers over Windgate Ranch Two from an entity (Pacific Windgate II, LLC) with no lawful capacity as an assignor to an entity (Defendant HOA) that is not a qualified or valid successor or assignee thereof by the express terms of the very document whose rights are purportedly being assigned;

**b)** The 2024 Amendments to the 2014 Covenants, which were adopted and recorded (by Defendant HOA) without requisite Windgate Ranch Two

75% owner approval, legal capacity, or compliance with existing governance documents;

**c)** Any and all notices of assessment, resolutions, lien filings, or collection-related instruments derived from the aforementioned void documents.

**123.** All such instruments were recorded unilaterally, without due process, over objection prior to recordation.

**124.** The continuing presence of such documents in the public record causes ongoing harm, including clouded titles, unjust enforcement threats, and impaired ability to transfer or finance.

**125.** Plaintiffs are entitled to equitable rescission and cancellation of such instruments in order to restore the status quo ante, to eliminate any continuing legal or equitable effect of such recordings, and to prevent future reliance on void documents by third parties.

**126.** Plaintiffs lack an adequate remedy at law, and equitable relief is necessary to prevent ongoing damages.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor against Defendant HOA and its individual directors if later named as Defendants, and grant the following relief:

**a)** A judicial decree of rescission and cancellation, declaring void and ordering the removal from the public record of the following documents:

**i.** The recorded Assignment;

**ii.** The recorded 2024 Amendments;

**iii.** Any recorded or published assessment notices, HOA resolutions, liens, or other instruments that derive or flow from the Assignment or from the 2024 Amendments;

**b)** An order restoring the status quo ante, nullifying any asserted rights, obligations, or encumbrances stemming from such instruments;

**c)** Such further injunctive or equitable relief as is necessary to enforce such cancellation, including orders directed to the Douglas County Nebraska

Register of Deeds with respect to the forgoing, including to cancel and expunge the same;

**d)** Plaintiffs' costs and attorney's fees permitted by law;

**e)** Such further relief as the Court deems appropriate.

**SIXTH CAUSE OF ACTION – SLANDER OF TITLE (Against Defendant HOA)**

**127.** Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

**128.** This Cause of Action is asserted against Defendant HOA.

**129.** Defendant HOA, or its agents, wrongfully recorded the Assignment and 2024 Amendments and recorded liens against Plaintiffs' respective properties in Windgate Ranch Two, causing a cloud on such titles.

**130.** Regardless of such recorded liens for nonpayment of assessments and homeowner association dues, Defendant HOA's recording of the Assignment and the 2024 Amendments, in and of themselves, each standing alone, slandered titles to Plaintiffs' properties in Windgate Ranch Two.

**131.** Defendants acted and failed to act with care and diligence with respect to preparing and recording the Assignment and the 2024 Amendments and all liens flowing therefrom.

**132.** As a direct and proximate result of the forgoing, Plaintiffs suffered damages.

**WHEREFORE**, Plaintiffs respectfully request:

**a)** Judgment declaring the Assignment, the 2024 Amendments and liens flowing therefrom, void and expunged;

**b)** Damages for clouded titles to Plaintiffs' respective real properties in Windgate Ranch Two and impaired vendibility;

**c)** Plaintiffs' costs and attorney's fees permitted by law;

**d)** Such further relief as the Court deems appropriate.

**SEVENTH CAUSE OF ACTION – WRONGFUL RECORDATION (Against Defendant HOA)**

**133.** Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

**134.** This Cause of Action is asserted against Defendant HOA.

**135.** Defendant HOA wrongfully recorded the Assignment and the 2024 Amendments and subsequent and associated liens, all without legal capacity and standing.

**136.** These acts constitute wrongful recordation that impaired Plaintiffs' property rights.

**137.** As a direct and proximate result, Plaintiffs suffered damages including costs to remove recorded instruments and diminished title quality, and attorney fees.

**WHEREFORE**, Plaintiffs respectfully request:

**a)** An order declaring all such recordations void and directing their cancellation and expungement;

**b)** Damages for title impairment to Plaintiffs' real properties in Windgate Ranch Two;

**c)** Plaintiffs' costs and attorney's fees permitted by law;

**d)** Such further relief as the Court deems appropriate.

**EIGHTH CAUSE OF ACTION – WRONGFUL FORECLOSURE ATTEMPT (Against All Defendants)**

**138.** Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

**139.** This Cause of Action is asserted against all Defendants.

**140.** Defendants threatened foreclosure on liens based on the ineffective and invalid recorded documents: the Assignment and 2024 Amendments and recorded liens flowing therefrom.

**141.** All such threats are without legal basis.

**142.** Defendants' acts and omissions alleged herein directly and proximately caused Plaintiffs clouded property titles, financial loss, emotional distress, and other damages to Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request:

**a)** A permanent injunction prohibiting foreclosure actions based on the Assignment and/or the 2024 Amendments and each lien flowing therefrom or recoded by Defendant HOA;

**b)** Damages for financial and emotional harm;

**c)** Plaintiffs' costs and attorney's fees permitted by law;

**d)** Such further relief as the Court deems appropriate.

**NINTH CAUSE OF ACTION – QUIET TITLE / DECLARATORY RELIEF (Against All Defendants)**

**143.** Plaintiffs incorporate all preceding allegations as if fully set forth herein.

**144.** This Cause of Action is asserted against all Defendants.

**145.** An actual controversy exists regarding the legal status of the Assignment and the 2024 Amendments and recorded liens flowing therefrom and their impact on the titles of Plaintiffs' Windgate Ranch Two real properties.

**146.** Plaintiffs seek declaratory and injunctive relief confirming that:

**a)** Defendant HOA lacked capacity to create, record, and/or to enforce the Assignment;

**b)** Defendant HOA lacked capacity to create, record, and/or to enforce the 2024 Amendments;

**c)** Defendant HOA lacked capacity to assess and collect Windgate Ranch Two homeowner association dues;

**d)** Defendant HOA lacked capacity to create, record, and/or to enforce all recorded liens flowing from the Assignment and the 2024 Amendments;

**e)** The Assignment and the 2024 Amendments and recorded liens flowing therefrom are void and of no legal effect;

**e)** The title to each Plaintiffs' property is free and clear of all encumbrance(s) arising from the Assignment and the 2024 Amendments and related liens flowing therefrom.

**WHEREFORE**, Plaintiffs request:

**a)** Entry of a declaratory judgment voiding the Assignment and the 2024 Amendments and related assessment and dues liens flowing therefrom;

**b)** An order quieting title to each affected Plaintiffs' Windgate Ranch Two lot in the respective Plaintiffs' record owner(s) thereof;

**c)** An order directing the Douglas County Nebraska Register of Deeds to void and cancel and expunge the Assignment and the 2024 Amendments and all instruments flowing therefrom;

**d)** A permanent injunction prohibiting any further action by Defendants or by anyone, based on the Assignment and the 2024 Amendments and all liens flowing therefrom;

**e)** Plaintiffs' costs and attorney's fees permitted by law;

**f)** Such further relief as the Court deems appropriate.

**TENTH CAUSE OF ACTION – FOR AN ACCOUNTING (Against All Defendants)**

**147.** Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

**148.** This Cause of Action is asserted against all Defendants.

**149.** Defendants acted in a fiduciary or quasi-fiduciary capacity in collecting and disbursing and retaining Defendant HOA assessments and dues collected from Plaintiffs.

**150.** Plaintiffs are entitled to a full and transparent accounting of all funds received, disbursed, and retained by Defendants with respect to the

Assignment and the 2024 Amendments and Defendants assessment and collection of Windgate Ranch Two homeowner association dues thereunder.

**151.** Plaintiffs have no adequate remedy at law absent an equitable accounting.

**WHEREFORE**, Plaintiffs respectfully request:

**a)** An order requiring Defendants to provide a complete accounting of all funds received and expended and retained with respect to all Windgate Ranch Two homeowner association dues assessed by Defendant HOA against Plaintiffs respective real properties in Windgate Ranch Two, and collected by Defendant Vandelay or by anyone;

**b)** If necessary, appointment of a special master or neutral accountant, at Defendants' costs;

**c)** Plaintiffs' costs and attorney's fees permitted by law;

**d)** Such further relief as the Court deems appropriate.

**ELEVENTH CAUSE OF ACTION – UNJUST ENRICHMENT (Against All Defendants)**

**152.** Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

**153.** This Cause of Action is asserted against all Defendants.

**154.** Defendants collected assessments and Windgate Ranch Two homeowner association dues from Plaintiffs based on the ineffective and invalid Assignment and 2024 Amendments.

**155.** Defendants retained the benefit of these funds without providing any benefit whatsoever to Plaintiffs in return.

**156.** Defendants' retention of those funds is inequitable and constitutes unjust enrichment.

**WHEREFORE**, Plaintiffs respectfully request:

**a)** Restitution of all amounts collected under the Assignment and the 2024 Amendments;

**b)** Disgorgement of all amounts wrongfully obtained as alleged herein;

**c)** Plaintiffs' costs and attorney's fees permitted by law;

**d)** Such further relief as the Court deems appropriate.

**TWELFTH CAUSE OF ACTION VIOLATION OF THE NEBRASKA DECEPTIVE TRADE PRACTICES ACT (Against All Defendants) )**

**158.** Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

**159.** This Cause of Action is asserted against all Defendants.

**160.** Defendant HOA, although organized as a Nebraska nonprofit corporation, engaged in acts in the course of its business which constitute deceptive trade practices as defined in the Nebraska Uniform Deceptive Trade Practices Act Neb. Rev. Stat. § 87-301 et seq.

**161.** Defendant Vandelay acted with Defendant HOA in such deceptive trade practices.

**162.** Specifically, Defendants, without legal capacity, represented to homeowners and to Plaintiffs and the Class and the public that Defendants possessed the right to assess, levy, collect, and enforce mandatory assessments and dues against homeowners within Windgate Ranch Two; Defendants authorized and issued Invoices, statements, and notices asserting that such obligations are owed and enforceable by law.

**163.** Such acts constitute one or more deceptive trade practices under Neb. Rev. Stat. § 87-302(a), including but not limited to the following, because such acts:

**a)** § 87-302(a)(2): Cause likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of services;

**b)** § 87-302(a)(3): Cause likelihood of confusion or of misunderstanding as to affiliation, connection, or association with another;

**c)** § 87-302(a)(5) Represent that services had sponsorship, approval, characteristics, benefits, that they did not have or that Defendants have an approval, status, affiliation, or connection that neither had;

**d)** § 87-302(a) (18) Use an unsolicited billing statement, invoice, or other document that appears to obligate the consumer to make a payment for services no Plaintiff ordered or authorized.

**164.** Defendants' acts and omissions and misrepresentations were made in the course of their respective operations and public communications, and were likely to mislead, and did mislead, reasonable persons, including Plaintiffs, into believing that Defendants had lawful capacity to act as a homeowners association to assess and collect Windgate Ranch Two homeowners association dues, when in fact such capacity never lawfully existed.

**165.** Plaintiffs reasonably relied on said acts and misrepresentations and omissions to their detriment and damage, including by incurring costs, paying such assessments and dues, enduring impaired title, and facing improper collection threats.

**166.** Pursuant to Neb. Rev. Stat. § 87-303, Plaintiffs are entitled to equitable relief, including an injunction against further deceptive practices and misrepresentations concerning the capacity of Defendants to impose restrictions or assessments.

**167.** Plaintiffs are entitled to attorney's fees and costs pursuant to Neb. Rev. Stat. § 87-303(b).

At some point of time relevant and described herein, Defendants' misrepresentations, acts and omissions shifted from being negligent, to being knowing and willful within the meaning of the Nebraska Deceptive Trade Practices Act and the Nebraska Consumer Protection Act. Thereafter, Defendants knowingly and willfully engaged in the trade practices described in this Cause of Action and throughout this Complaint knowing them to be deceptive. Defendants continued these practices with actual knowledge that their representations, filings, recordings, mailings, emails, demands, and enforcement activities were deceptive, all in violation of Neb. Rev. Stat. §§87-302 et seq. and 59-1602 et seq.

**WHEREFORE**, Plaintiffs respectfully request:

**a)** Declaratory relief, establishing that Defendants' misrepresentations regarding their capacities and the enforceability of the Assignment and the 2024 Amendments to assess and collect Windgate Ranch Two homeowner association constitute deceptive trade practices under Nebraska law;

**b)** Permanent injunctive relief restraining Defendants, their agents, officers, directors, employees, and all persons acting with either, from engaging in any further such deceptive trade practices, including but not limited to falsely asserting or representing capacity to levy, collect, or enforce assessments, dues, or charges or any restrictive covenant against Plaintiffs as homeowners in Windgate Ranch Two;

**c)** An order requiring Defendant to retract and correct all prior statements or communications asserting the existence of enforceable assessment obligations and restrictive covenants

**d)** An award of Plaintiffs' reasonable attorneys' fees and costs of this action, pursuant to Neb. Rev. Stat. § 87-303(b) because, at some point described herein, Defendants willfully engaged in trade practices knowing them to be deceptive;

**e)** Such further relief as the Court deems appropriate.

**THIRTEENTH CAUSE OF ACTION – VIOLATION OF NEBRASKA CONSUMER PROTECTION ACT (Against All Defendants)**

**168.** Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

**169.** This Cause of Action is asserted against all Defendants.

**170.** Defendants' acts and omissions constitute unfair or deceptive acts in commerce, in violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq.

**171.** Plaintiffs are "persons" within the meaning of Neb. Rev. Stat. § 59-1601 et seq., and suffered damages as a result of Defendants' acts.

**172.** Defendants violated Nebraska Consumer Protection Act by misleading Plaintiffs, by misrepresenting legal capacity, identity, and standing, and by assessing and collecting unlawful Windgate Ranch Two homeowner association dues, all as set forth herein.

**173.** Pending discovery, Plaintiffs reserve the right to name individual defendant(s) for personal liability as allowed by Neb. Rev. Stat. § 59-1622, to wit: against any president, treasurer, general manager, agent, or other person exercising the powers of such office.

**WHEREFORE**, Plaintiffs respectfully request:

- **a)** A finding that Defendants violated the Nebraska Consumer Protection Act;
- **b)** Injunctive relief restraining further unlawful practices;
- **c)** Plaintiffs' damages;
- **d)** When individuals are named as Defendants, for personal liability of such Defendants under Neb. Rev. Stat. § 59-1622;
- **e)** Plaintiffs' costs and attorney's fees permitted by Neb. Rev. Stat. § 59-1609;
- **f)** Such further relief as the Court deems appropriate.

## FOURTEENTH CAUSE OF ACTION – VIOLATION OF NEBRASKA COLLECTION AGENCY ACT (Against Defendant Vandelay)

**174.** Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

**175.** This Cause of Action is asserted against Defendant Vandelay.

**176.** At all relevant times herein, Defendant Vandelay engaged in collection activity without proper licensure, in violation of the Nebraska Collection Agency Act, Neb. Rev. Stat. §§ 45-601 to 45-623.

**177.** Defendant Vandelay's conduct included sending via interstate communication systems, including U.S. Mail, email, telephone, and digital platforms, written demands for collection, issuing legal threats, all without a collection agency license required by Nebraska law.

**178.** Plaintiffs suffered harm including emotional distress, attorneys' fees, and financial losses.

**WHEREFORE**, Plaintiffs respectfully request:

**a)** Damages as permitted under the Nebraska Collection Agency Act;

**b)** Plaintiffs' costs and attorney's fees permitted by law;

**c)** Such further relief as the Court deems appropriate.

DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all triable issues.

TERI L ENGLE, individually and on behalf of a Class of all others similarly situated, and
BRIAN J. ENGLE, individually and on behalf of a Class of all others similarly situated, Plaintiffs

Dated: November 24, 2025

By: Joseph J Skudlarek
Joseph J Skudlarek #13869
1055 North 115th Street, Suite 301
Omaha, Nebraska 68154
jjskudlarek@jjskudlarek.com
(402) 522-6001
Thier Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was served via the Court's CM/ECF system and via email or regular US Mail, postage pre-paid as set forth below, on the listed parties and attorneys of record on the date set forth below.

Michael T. Gibbons, #21263
Michael J. Leahy, #20740
Woodke & Gibbons, PC, LLO
619 N. 90th Street
Omaha NE 68114
Phone: (402) 391-6000
Fax: (402) 391-6200
mgibbons@woglaw.com
mleahy@woglaw.com
Attorneys for Defendant Windgate Ranch Homeowners Association, Inc.
**Via email**

Patrick L. Sealey
Heidman Law Firm
1128 Historic Fourth Street
PO Box 3086
Sioux City, IA 51102
Telephone: (712) 255-8838
Facsimile: (712) 258-6714
Patrick.Sealey@heidmanlaw.com
Counsel for Vandelay Industries, LLC
**Via email**

Nebraska Attorney General's Office
1445 K Street, Room 2115
PO Box 98920
Lincoln, NE 68508
**Via regular US Mail**
**Postage pre-paid**

Dated: November 24, 2025

By: Joseph J Skudlarek
Joseph J Skudlarek #13869
1055 North 115th Street, Suite 301
Omaha, Nebraska 68154
jjskudlarek@jjskudlarek.com
(402) 522-6001
Plaintiffs' Attorney